UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BIOAGILYTIX LABS, LLC,

                      Plaintiff,

v.

JAMES MCNALLY AND SWORD
DIAGNOSTICS, INC.,

                      Defendants.

No. 25-cv-11168-GAO-JDH

**MEMORANDUM AND ORDER ON PLAINTIFF BIOAGILYTIX LABS, LLC'S MOTION TO COMPEL DISCOVERY (DOCKET NO. 61); DEFENDANT SWORD BIO, INC.'S MOTION FOR PROTECTIVE ORDER (DOCKET NO. 68); PLAINTIFF BIOAGILYTIX'S MOTION TO COMPEL SBH SCIENCES, INC. TO COMPLY WITH SUBPOENA (DOCKET NO. 76), AND PLAINTIFF BIOAGILYTIX'S MOTION TO COMPEL DISCOVERY (DOCKET NO. 82)**

HEDGES, M.J.

Pending before the Court are Plaintiff BioAgilytix Labs, LLC's Motion to Compel Discovery (Docket No. 61); Defendant Sword Diagnostics, Inc. ("Sword Bio")'s Motion for Protective Order (Docket No. 68); Plaintiff BioAgilytix's Motion to Compel SBH Sciences, Inc. to Comply with Subpoena (Docket No. 76), and Plaintiff BioAgilytix's Motion to Compel Discovery (Docket No. 82).

After a status conference on April 23, 2026, and several joint status reports and rulings, many of the disputes raised in the above-referenced motions have been resolved. *See* Docket Nos. 104, 105, 108, 109, 110, 111, 114, 115, and 118. In their July 14, 2026, filing, however, the parties reported ongoing disputes regarding (1) Docket No. 61, Sword Bio Document Requests No. 19, 21, 22, and 23; McNally Interrogatory No. 5; and the forensic protocol; (2) Docket No. 68; (3) Docket No. 76; and (4) Docket No. 82, McNally Interrogatories No. 12, 13, 14, and 15;

1

McNally Document Requests No. 29, 30, and 33; Sword Bio Interrogatories No. 3, 11, 12, and 14; and Sword Bio Document Request No. 16. *See* Docket No. 118.

The Court has already ruled on Plaintiff's motions to compel responses to Sword Bio Document Requests No. 16 and 19; Sword Bio Interrogatories No. 3, 11, and 12; McNally Interrogatories No. 5, 12, 14, and 15; and McNally Document Requests No. 29, 30, and 33. *See* Docket No. 115. I thus consider the disputes over these requests raised in the pending motions to compel to be resolved and do not consider any newly raised disputes to be ripe.

Because Sword Bio Document Requests No. 21, 22, and 23 are generally relevant but overly broad as framed, Docket No. 61 is GRANTED in part and DENIED in part as to these requests. Docket Nos. 68 and 76 are also GRANTED in part and DENIED in part, as they concern eight third-party subpoena requests, six of which improperly implicate party discovery disputes that were unresolved when the subpoenas were issued.

As to McNally Interrogatory No. 13 and Sword Bio Interrogatory No. 14, the current disputes between the parties concern supplemental responses that had not yet been served when BioAgilytix filed Docket No. 82. Therefore, Docket No. 82 is DENIED as moot as to these requests. If BioAgilytix wishes to do so, however, it may file an additional motion to compel regarding the new issues raised in Docket No. 118, pursuant to the procedure outlined in section 3 of my standing order regarding motion practice.[1]

Finally, because the parties have reported two disputes resolved—the forensic protocol dispute raised in Docket No. 61 and the dispute over Sword Bio Interrogatory No. 10 raised in Docket No. 82—BioAgilytix's motions to compel are also DENIED as moot as to these requests.

---

[1] My standing order is available at:
https://www.mad.uscourts.gov/boston/pdf/hedges/Standing%20Order%20re%20Motion%20Prac tice.pdf.

## I.    BACKGROUND

On April 29, 2025, BioAgilytix filed this action, alleging that when Dr. James McNally left his employment as Chief Scientific Officer at BioAgilytix and began work as Chief Scientific Officer at Sword Bio, Dr. McNally violated his contract with BioAgilytix, Sword Bio tortiously interfered with that contract, and both Dr. McNally and Sword Bio (collectively "Defendants") violated state and federal trade secrets laws.  *See* Docket No. 1 ¶¶ 93-141 (alleging trade secret misappropriation in violation of the Federal Defend Trade Secrets Act and Massachusetts Uniform Trade Secrets Act, breach of contract, tortious interference with contract, breach of the duty of loyalty, and unjust enrichment).

On July 25, 2025, BioAgilytix served Sword Bio and Dr. McNally with interrogatories and requests for productions of documents.  *See* Docket No. 63 ¶ 3.  Dr. McNally and Sword Bio provided written responses to those requests on September 19, 2025.  *See* Docket Nos. 62-2, 62-3, 62-4, and 62-5.  After the parties exchanged emails and met and conferred, BioAgilytix moved to compel discovery from both Dr. McNally and Sword Bio on November 6, 2025.  Docket No. 61.  BioAgilytix sought the Court's intervention on fifteen discovery disputes.  *See* Docket No. 62 at 3-8.[2]

On November 26, 2025, BioAgilytix served nearly identical third-party subpoenas on two businesses that work with Sword Bio, Aliri USA, Inc. and SBH Sciences, Inc., seeking each entity's responses to eight document requests.[3]  *See* Docket No. 69-1.  On December 5, Sword

---

[2] Those disputes pertained to Sword Bio Interrogatory No. 6; Sword Bio Document Requests No. 17, 18, 19, 20, 21, 22, 23, 25, 28, and 34; McNally Interrogatories No. 5 and 8; McNally Document Request No. 26; and a draft forensic protocol.  *See id.*

[3] From each entity, the subpoenas sought: (1) "[a]ll written agreements or contracts between [Aliri/SBH] and Sword Bio," (2) "[a]ll [c]ommunications between any employee or agent of [Aliri/SBH] and any employee or agent of Sword Bio regarding McNally," (3) "[a]ll [c]ommunications between any employee or agent of [Aliri/SBH] and McNally," (4) "[a]ll

Bio moved for a protective order barring the subpoenas in their entirety. Docket No. 68; Docket No. 69 at 11. On December 11, 2025, Sword Bio also filed an emergency motion to quash the third-party subpoenas, noting that compliance with the subpoenas was due the next day. Docket No. 70. On December 15, 2025, Judge O'Toole issued an order denying the emergency motion to quash without prejudice and staying all discovery deadlines pending further court order. Docket No. 71.[4] On December 22, 2025, BioAgilytix moved to compel a response to the third-party subpoena issued to SBH Sciences, and for clarification of which deadlines were stayed by the Court's December 15 order. Docket No. 76.[5]

On January 14, 2026, BioAgilytix again moved to compel discovery by both Defendants. Docket No. 82. This motion sought court intervention to resolve disputes over thirty-five discovery responses. Docket No. 83 at 2-3, 7-11.[6] On March 11, 2026, Judge O'Toole held a hearing and informed the parties that he would refer the case to a magistrate judge for discovery

_____

[c]ommunications amongst [Aliri/SBH] personnel concerning McNally," (5) "[d]ocuments sufficient to show the services [Aliri/SBH] provided to Sword Bio and the services Sword Bio has provided to [Aliri/SBH] since January 1, 2025," (6) "[d]ocuments sufficient to show each client [Aliri/SBH] has referred to Sword Bio and each client Sword Bio has referred to [Aliri/SBH] since January 1, 2025," (7) "[d]ocuments sufficient to show the payments from Sword Bio made to [Aliri/SBH], and the payments [Aliri/SBH] has made to Sword Bio since January 1, 2025," and (8) "[a]ny other Documents referencing McNally." Docket. No. 69 at 6; Docket No. 69-1 at 6, 12; Docket No. 69-2 at 6, 12.

[4] This was a short docket order and did not address the merits of the parties' dispute. *See id.*

[5] BioAgilytix also moved to compel Aliri's compliance with the subpoena in the U.S. District Court for the District of Colorado, where Aliri's compliance with the subpoena was required. *See BioAgilytix Labs, LLC v. McNally et al.*, 1:26-mc-3, (D. Colo. Jan. 8, 2026), Docket No. 1. The Colorado action was terminated after Aliri produced documents. *See id.* at Docket No. 21.

[6] Specifically, BioAgilytix sought to compel unredacted copies of twenty emails, as well as further responses to McNally Interrogatories No. 11, 12, 13, 14, 15, and 23; McNally Requests for Production of Documents No. 29, 30, and 33; Sword Bio Interrogatories No. 3, 10, 11, 12, and 14; and Sword Bio Document Request No. 16. *See id.*

4

management.  *See* Docket No. 92 at 24:24-25:6.  The next week, Judge O'Toole referred the case to me for discovery management and resolution of pending discovery motions.  Docket No. 91.

On April 3, 2026, I ordered the parties to file a status report, updating the Court on the status of each dispute raised in Docket Nos. 61, 68, 76, and 82.  Docket No. 96.  The parties filed that status report on April 10, 2026.  Docket No. 97.  I held a status conference on April 23, 2026, at which I denied as moot BioAgilytix's motion to compel (Docket No. 61) as to McNally Interrogatory No. 8 and McNally Document Request No. 26; granted BioAgilytix's motion to compel (Docket No. 61) as to Sword Bio Interrogatory No. 6; denied BioAgilytix's motion to compel (Docket No. 61) as to Sword Bio Document Requests No. 25, 28, and 34; granted in part and denied in part BioAgilytix's motion to compel (Docket No. 61) as to Sword Bio Documents Request No. 20; and denied BioAgilytix's motion to compel (Docket No. 82) as to McNally Interrogatory No. 23.  Docket No. 105.  I also ordered the parties to confer and submit a proposed discovery deadline by May 7, 2026; to finalize a forensic protocol by May 7, 2026; to submit various documents for *in camera* review; and to continue conferring in good faith to narrow the remaining disputes.  *Id*.

On May 7, 2026, the parties submitted an additional status report.  Docket No. 108. Based on that report, I entered an order on May 15, 2026, setting a fact discovery deadline of September 30, 2026; reserving judgment on Sword Bio Document Request No. 23; and denying BioAgilytix's motion to compel (Docket No. 82) as to the dispute over redacted documents submitted to the Court for *in camera* review.  Docket No. 109.  The parties submitted their next status report on May 26, 2026.  Docket No. 110.  Based on this report, I ordered Defendants to complete their ESI production by June 2, 2026, and then file an additional status report advising the Court of which disputes were resolved and which remained active.  Docket No. 111.  The

5

parties filed another status report on June 16, 2026.  Docket No. 114.  In response to that report, I granted BioAgilytix's motion to compel (Docket No. 61) as to Sword Bio Document Request No. 17; denied as moot BioAgilytix's motion to compel (Docket No. 61) as to Sword Bio Document Request No. 18; granted BioAgilytix's motion to compel (Docket No. 61) as to Sword Bio Document Request No. 19 and McNally Interrogatory No. 5; granted BioAgilytix's motion to compel (Docket No. 82) as to McNally Document Requests No. 29-30 and 33, McNally Interrogatories No. 12, 14, and 15, and Sword Bio Interrogatories No. 3, 10, 11, and 12; denied as moot BioAgilytix's motion to compel (Docket No. 82) as to McNally Interrogatory No. 11; ordered the parties to take additional steps to resolve remaining disputes over forensic protocol search terms; and ordered the parties to file an additional status report updating the Court on remaining disputes.  Docket No. 115.

On July 14, 2026, the parties filed their next status report.  Docket No. 118.  They reported having resolved one dispute raised in BioAgilytix's motion to compel (Docket No. 82) that the Court had not previously ruled on (the dispute over Sword Bio Interrogatory No. 10). *See* Docket No. 118 at 13.  The motion to compel a response to that request is thus now DENIED as moot.[7]  The parties also reported ongoing disputes regarding: (1) Docket No. 61, Sword Bio Document Requests No. 19, 21, 22, and 23; McNally Interrogatory No. 5; and the forensic protocol;[8] (2) Docket No. 68; (3) Docket No. 76; and (4) Docket No. 82, McNally Interrogatories No. 12, 13, 14, and 15; McNally Document Requests No. 29, 30, and 33; Sword

[7] The parties also reported that they resolved their dispute regarding Docket No. 61, Sword Bio Document Request No. 17, which the Court already ruled on and thus will not revisit here.  *See* Docket No. 118 at 1; Docket No. 115.

[8] On July 20, 2026, the parties reported having resolved their dispute regarding the forensic protocol, so I will not consider that dispute further.  *See* Docket No. 122.

Bio Interrogatories No. 3, 11, 12, and 14; and Sword Bio Document Request No. 16.  *See* Docket No. 118.  I will address each ongoing dispute below.

## II.    LEGAL STANDARD

Under the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).

Although the Federal Rules seek to "ensur[e] wide-ranging discovery of information," *Doelger v. JPMorgan Chase Bank, N.A.*, No. 21-cv-11042-AK, 2022 WL 22837136, at *2 (D. Mass. Oct. 20, 2022) (citation omitted), discovery is not boundless.  A court must limit discovery if it determines that "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).  "District courts exercise broad discretion to manage discovery," *Heidelberg Ams., Inc. v. Tokyo Kikai Seisakusho, Ltd.*, 333 F.3d 38, 41 (1st Cir. 2003), and "to tailor discovery narrowly."  *Cutter v. HealthMarkets, Inc.*, No. 10-cv-11488-JLT, 2011 WL 613703, at *2 (D. Mass. Feb. 10, 2011) (quotation marks omitted).

## III.    ANALYSIS

As a preliminary matter, the July 14, 2026 status report raises disputes regarding Defendants' supplemental responses to Sword Bio Document Requests No. 16 and 19; Sword

7

Bio Interrogatories No. 3, 11, and 12; McNally Interrogatories No. 5, 12, 14, and 15; and McNally Document Requests No. 29, 30, and 33. *See* Docket No. 118. I granted BioAgilytix's motions to compel further responses to these requests on June 16, 2026. *See* Docket No. 115 (granting Docket No. 61 as to Sword Bio Document Request No. 19 and McNally Interrogatory No. 5, and granting Docket No. 82 as to Sword Bio Document Request No. 16; Sword Bio Interrogatories No. 3, 11, and 12; McNally Interrogatories 12, 14, and 15; and McNally Document Requests No. 29, 30, and 33). The disputes raised in the July 14 status report pertain not to Defendants' original discovery responses (as contested in Docket Nos. 61 and 82), but to supplemental responses served more recently. I consider the disputes raised in Docket Nos. 61 and 82 regarding these requests to be resolved and do not consider the disputes regarding the supplemental responses to be ripe. If BioAgilytix wishes to file an additional motion to compel based on the defendants' supplemental responses, it may do so, pursuant to the procedure outlined in section 3 of my standing order regarding motion practice.

### A.  Docket No. 61, Sword Bio Document Requests No. 21, 22, and 23

In these requests, BioAgilytix seeks information about Sword Bio's revenue, sales, and costs. Specifically, Request No. 21 seeks "[d]ocuments sufficient to show the revenue generated by Sword Bio from any Sword Bio Customer, including, but not limited to, all revenue generated from any customer account with which McNally has had any interaction since joining Sword Bio, since February 8, 2025." Docket No. 62 at 4. Request No. 22 seeks "[d]ocuments sufficient to show each closed sale, closed order, or sales win Sword Bio has made, including the customer to whom the sale was made and service that was sold, since February 8, 2025." *Id.* at 4-5. Request No. 23 seeks "[d]ocuments sufficient to show Sword

Bio's research and development costs and expenses, per project, for each year from 2020 through the date of trial." *Id*. at 5.

BioAgilytix argues that all three of these requests are relevant and necessary to calculate damages. *See id.* at 11-12. Sword Bio argues that the Court should reserve its ruling on these requests until the forensic examination is complete, "because the request seeks highly confidential competitor information without BioAgilytix satisfying even a preliminary showing of any wrongdoing by Sword Bio." Docket No. 118 at 3-4. The Court previously stated that it would reserve judgment on Request No. 23, as requested in the parties' joint status report, which did not indicate that the request to reserve judgment was contested. *See* Docket Nos. 108 at 1, 109. Because it is now clear, however, that the parties disagree about reserving judgment, I will consider all three disputes on the merits.

As a preliminary matter, BioAgilytix "should not have to wait until it has proven Defendants are liable before it can obtain discovery about its potential damages or monetary recovery." *Maui Jim, Inc. v. SmartBuy Guru Enterprises*, No. 16-cv-9788, 2018 WL 894619, at *3 (N.D. Ill. Feb. 14, 2018). The materials that BioAgilytix has requested are relevant to calculating damages and proper subjects for discovery. That said, I am sympathetic to concerns Sword Bio has raised about sharing sensitive sales and financial information with a competitor. During the April 23, 2026 discovery conference, BioAgilytix stated that it would agree to designate these documents as attorneys' eyes only. BioAgilytix also stated that it would agree to limit the timeframe of Requests No. 21 and 22 to February 28, 2025 through February 28, 2026, to capture one year from the date Dr. McNally joined BioAgilytix. With those limitations, both requests are relevant and proportional to the needs of the case.

9

Request No. 23 seeks documents "from 2020 through the date of trial." For the sake of consistency with rulings on similar requests, *see* Docket No. 105, and to ensure that BioAgilytix has access to a reasonable amount of data from both before and after Dr. McNally joined Sword Bio, the timeframe of this request will be limited to 2023 through the first day of trial in this matter.

To summarize, BioAgilytix's motion to compel (Docket No. 61) is GRANTED in part and DENIED in part as to Sword Bio Document Requests No. 21, 22, and 23. Sword Bio shall produce documents responsive to Requests No. 21 and 22 from the date range of February 28, 2025 through February 28, 2026, and documents responsive to Request No. 23 from the date range of 2023 through the first day of trial in this matter. All documents provided in response to these requests shall be produced on an "attorneys' eyes only" basis.

### B. Docket Nos. 68 and 76

Both of these motions relate to third-party subpoenas issued on November 26, 2025, to businesses that collaborate with Sword Bio. Sword Bio seeks a protective order barring the subpoenas on both entities, pursuant to Fed. R. Civ. P. 26(c)(1). *See* Docket No. 68. Meanwhile, BioAgilytix seeks to compel SBH's compliance with the subpoena. *See* Docket No. 76.

Aliri produced documents in response to its subpoena on February 18, 2026. *See* Docket No. 114 at 11. Therefore, BioAgilytix takes the position that the protective order dispute is moot as to Aliri. *Id.* Sword Bio disagrees that the dispute is moot, maintains that the Aliri subpoena was "improperly issued to circumvent the discovery process as the disclosure of the same information sought by the Aliri Subpoena was being litigated in this Court," and continues to seek "an order barring the use of any documents produced in

10

response to the Aliri Subpoena in this litigation." *Id*. I agree that Aliri's production did not moot this dispute—while it is too late for an order stating that Aliri need not respond, it is not too late for the Court to enter a protective order, limiting the use of the produced materials in this litigation. I thus turn to the arguments in the briefing for the underlying motions, beginning with Docket No. 68.

Sword Bio states that it objected to certain of BioAgilytix's discovery requests on grounds of burden, relevance, and confidentiality. Docket No. 69 at 2. Then, BioAgilytix served a motion to compel (Docket No. 61), and, instead of waiting for the court to resolve the motion, tried to circumvent party discovery rules by subpoenaing two of Sword Bio's business partners for the disputed information. Docket No. 69 at 2-3. Sword Bio argues that a protective order is "warranted because BioAgilytix has issued the Subpoenas for Sword Bio's own documents improperly labeled as a Rule 45 subpoena to circumvent the parties' ongoing discovery disputes." Docket No. 69 at 9.

I agree with Sword Bio that the third-party subpoenas were issued prematurely. A party may not use Rule 45 subpoenas to circumvent a legitimate dispute over the propriety of Rule 34 requests. *See, e.g., Xiao Wei Catering Linkage in Inner Mongolia Co. Ltd. v. Inner Mongolia Xiao Wei Yang USA, Inc.*, No. 15-cv-10114-DJC, 2018 WL 1567604, at *4 (D. Mass. Mar. 30, 2018) ("Plaintiffs improperly issued the [Rule 45] subpoenas, since defendants had raised legitimate objections to the information plaintiffs had requested from them and were, in good faith, attempting to negotiate the production of discovery.") Here, Defendants had timely objected to these topics, discussions about the disputed topics were ongoing between the parties, and the propriety of some of the requests was already pending before this Court in a motion to compel. *See* Docket No. 69 at 6-9; Docket No. 69-2; Docket No. 61. BioAgilytix's

11

statement that this case differs from *Xiao Wei Catering Linkage* and *Accusoft Corp. v. Quest Diagnostics, Inc.*, No. 12-cv-40007-FDS, 2012 WL 1358662 (D. Mass. Apr. 18, 2012) because Sword Bio was "refusing" to produce documents is, therefore, inaccurate. *See* Docket No. 73 at 12. BioAgilytix should have allowed the Court to adjudicate its pending motion to compel and rule on the relevance and proportionality of the topics at issue (and filed an additional motion to compel regarding any other disputed topics, if needed) before seeking the same documents from third parties.

Further, Plaintiff acknowledges that six out of the eight topics in the Aliri and SBH subpoenas sought documents in Sword Bio's possession. *See Id.* (noting that of the requests in dispute, just "two [Requests No. 4 and 8] . . . could not be satisfied through discovery from Sword Bio"). Thus, "the discovery at issue must be limited because it is cumulative and because it can be obtained from another source that is more convenient—namely, the defendants themselves." *Accusoft*, 2012 WL 1358662, at *10.

BioAgilytix argues that Sword Bio lacks standing to bring this motion on behalf of the non-party subpoena recipients. *See* Docket No. 73 at 9, 10-11. However, Fed. R. Civ. P. 26(b)(2)(C) states that, "[o]n motion or on its own," the court *must* limit discovery if it determines that "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." "Because this Court could effect the relief that defendants request sua sponte, it is not precluded from reaching the same result merely because defendants have taken the initiative." *Accusoft*, 2012 WL 1358662, at *11; *see also, e.g., Controlled Kinematics, Inc. v.*

12

*Novanta Corporation*, 17-cv-11029-ADB, 2019 WL 3082354, at *6 n. 5 (D. Mass. July 15, 2019); *Sheehan v. Town of Carver, MA*, 24-12347-ADB-JCB, 2026 WL 309746, at *2 (D. Mass. Feb. 5. 2026).  In other words, that Sword Bio filed the instant motion does not bar the Court from entering a protective order.

BioAgilytix also states that the motion as to Aliri should have been filed in Colorado (the compliance district).  Docket No. 73 at 10.  BioAgilytix is correct that "[a] motion for an order to a nonparty must be made in the court where the discovery is or will be taken."  Fed. R. Civ. P. 37(a)(2); *see also, e.g., Gebka v. EverQuote, Inc.*, No. 1:21-mc-91391-IT, 2021 WL 3131549, at *1 (D. Mass. July 23, 2021) ("Under Rules 45(d)(2)(B), 45(d)(3), and 45(e)(2)(B), subpoena-related motions, including motions to compel, are to be filed in the district court where compliance is required.").  Here, however, the Court's protective order would "bar[] the use of any documents produced in response to the Aliri Subpoena in this litigation."  Docket No. 114 at 11.  Such an order would not bind or be directed to Aliri, which has already produced documents, but would instead bind the parties to this lawsuit, which are subject to this Court's jurisdiction.  *See* Docket No. 1 ¶¶ 9-11.  Thus, this is the proper court to issue the contemplated protective order.[9]

Based on the above, Sword's Bio's motion for protective order (Docket No. 68) is GRANTED and BioAgilytix's motion to compel (Docket No. 76) is DENIED as to Aliri and SBH subpoena Requests No. 1-3 and 5-7.  SBH need not produce documents in response to these requests, and BioAgilytix is barred from using documents that Aliri submitted in response to these requests in this litigation.  Instead, BioAgilytix may rely on the documents

---

[9] Furthermore, where Sword Bio filed its motion is irrelevant to the Court's inherent authority to manage discovery and issue protective orders.  *See* Fed. R. Civ. P. 26(b)(2)(C).

produced by Defendants in response to analogous requests, as narrowed by the parties and/or by the Court in this and/or previous orders.

The parties agree that SBH and Aliri subpoena Requests No. 4 and 8 are not in Defendants' possession and do not overlap with party discovery requests being litigated at the time the subpoenas were served. *See* Docket No. 69 at 9; Docket No. 73 at 13. Applying Fed. R. Civ. P. 26(b)(2)(C), I thus find that (i) the discovery sought through these requests is not unreasonably cumulative or duplicative and cannot be obtained from some other source that is more convenient, less burdensome, or less expensive (i.e., the Defendants); and that (ii) the party seeking discovery has not had ample opportunity to obtain the information through party discovery.

That leaves the question of whether these requests are "outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)(iii). Request No. 4 seeks "[a]ll Communications amongst Aliri [SBH] personnel concerning McNally." Docket No. 69-1 at 6, 12. Request 8 seeks "[a]ny other Documents referencing McNally." *Id.* Sword Bio argues that these requests "seeking all internal correspondence of third parties related to Dr. McNally without limitation to timeframe or subject matter of the communication" are "overbroad" and "would inferably require the production of confidential and proprietary information." Docket No. 69 at 9. BioAgilytix responds that these documents are relevant and proportional to the need of determining whether Dr. McNally (1) has solicited BioAgilytix clients through Sword Bio's relationship with Aliri and SBH, (2) has shared information misappropriated from BioAgilytix with Aliri or SBH, and (3) has otherwise competed with BioAgilytix/garnered "ill-gotten gains" by way of Sword Bio's relationship with Aliri and SBH. *See* Docket No. 73 at 7-8.

14

All three of these issues are relevant to the case.  As currently framed, however, Requests No. 4 and 8 are overbroad, lacking even a time constraint.  BioAgilytix alleges that Dr. McNally began speaking with Sword Bio about prospective employment in January of 2024.  Docket No. 73 at 13.  Any responsive communications about or referring to Dr. McNally before that time are therefore unlikely to be relevant to the case.  Accordingly, SBH need only produce those documents that it had prepared for production in response to Requests No. 4 and 8 from January 2024 through the original subpoena compliance date (December 12, 2025).  As to the documents already produced by Aliri, BioAgilytix may rely in this litigation only on those documents that were produced in response to Requests No. 4 and 8 that fall within the timeframe of January 2024 through the original subpoena compliance date (December 12, 2025).  Thus, Sword's Bio's motion for protective order (Docket No. 68) is GRANTED in part and DENIED in part and BioAgilytix's motion to compel (Docket No. 76) is GRANTED in part and DENIED in part as to Aliri and SBH subpoena Requests No. 4 and 8.

### C.  Docket No. 82, McNally Interrogatory No. 13 and Sword Bio Interrogatory No. 14

In the pending motion to compel, BioAgilytix summarized its concerns regarding these requests as: "[d]espite BioAgilytix's extensive meet-and-confer efforts . . . Defendants still refuse to respond to discovery requests relevant to McNally breaching his non-solicitation obligations to BioAgilytix (with Sword Bio's assistance).  This warrants relief."  Docket No. 83 at 7.  Defendants similarly briefed the propriety of their initial objections and responses to these requests.  *See* Docket No. 85 at 8-9.  At this point, Defendants have supplemented their responses, and BioAgilytix is raising concerns about the supplemental responses.  *See* Docket No. 118 at 9-10 and 15-16.  The parties' disputes over these requests

15

have changed since they briefed the initial motions to compel.  If BioAgilytix wishes to file an additional motion to compel regarding the new issues raised in this status report regarding Defendants' supplemental responses, it may do so, but BioAgilytix's motion to compel (Docket No. 82) is DENIED as moot as to McNally Interrogatory No. 13 and Sword Bio Interrogatory No. 14.

IV.    CONCLUSION

For the foregoing reasons:

1. BioAgilytix's motion to compel (Docket No. 61) is DENIED as moot as to the dispute regarding the parties' forensic protocol.

2. BioAgilytix's motion to compel (Docket No. 61) is GRANTED in part and DENIED in part as to Sword Bio Document Requests No. 21, 22, and 23.  Sword Bio shall produce documents responsive to Requests No. 21 and 22 from the date range of February 28, 2025 through February 28, 2026, and documents responsive to Request No. 23 from the date range of 2023 through the first day of trial in this matter.  All documents provided in response to these requests shall be produced on an "attorneys' eyes only" basis.

3. Sword's Bio's motion for protective order (Docket No. 68) is GRANTED in part and DENIED in part and BioAgilytix's motion to compel (Docket No. 76) is GRANTED in part and DENIED in part.  SBH need only produce those documents that it had prepared for production in response to Requests No. 4 and 8 from January 2024 through the original subpoena compliance date (December 12, 2025).  As to the documents already produced by Aliri, BioAgilytix may rely in this litigation only on those documents that were produced in response to Requests No. 4 and 8 that fall

16

within the timeframe of January 2024 through the original subpoena compliance date (December 12, 2025).

4. BioAgilytix's motion to compel (Docket No. 82) is DENIED as moot as to McNally Interrogatory No. 13 and Sword Bio Interrogatories No. 10 and 14.[10]

Dated: July 30, 2026

/s/ Jessica D. Hedges
United States Magistrate Judge

---

[10] The parties are advised that under Fed. R. Civ. P. 72(a) and Rule 2(b) of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts, any party seeking review by a district judge of these determinations and this order must serve and file any objections within fourteen days of being served a copy of this order, unless a different time is prescribed by the magistrate judge or the district judge.